MELKON SHAHINIAN, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF ANNIE SCHAHINIAN, AND
MELKON SHAHINIAN, INDIVIDUALLY, PLAINTFF, v.
THOMAS FIANAJIAN AND DAVID FRIEDLANDER, DE-
FENDANTS.

Decided November 24, 1933.

For the plaintiff, *Alexander Simpson.*

For the defendant Thomas Fianajian, *Ziegener & Brenner.*

BROWN, C. C. J. This matter is before the court on the
plaintiff's rule for a new trial on the ground that the
verdict in favor of the defendant is contrary to the evidence.
There was much conflict in the testimony. The plaintiff's
witness testified in effect that the defendant was operating a
Dodge truck in a southerly direction on the highway between
Jersey City and the airport at Newark at a speed described
by a plaintiff witness as "the truck was coming fast." The
truck was being operated on its right side of the road when
an automobile coming in an opposite direction suddenly
turned to its left and made a "U" turn in front of the de-
fendant's truck, whereupon the plaintiff applied his brakes
and according to the plaintiff and some of his witnesses the
defendant truck thereupon skidded in a clockwise move-
ment a few feet to the left of the center of the road and col-
lided with an automobile then and there being operated in a
northerly direction by the defendant Friedlander causing the
injuries and death of which complaint is made. The defend-
ant claims by the testimony offered that the witness Fried-
lander was proceeding at a rate of fifty to sixty miles an hour
and on his left side of the road and collided with the defend-

ant thereby causing the injuries and death that were the subject-matter of the suit and that the automobile that made the "U" turn was also responsible. The court is without authority to set aside the verdict of a jury unless it is clearly against the weight of evidence. The jury are the judges also of the truthfulness of the testimony submitted to them. The testimony in this case was so conflicting it cannot be said that the jury were clearly mistaken in accepting as truthful and controlling the testimony of anyone or more of the witnesses in favor of the defendant. The liability of the defendant was singularly a jury question. The rule to show cause will be discharged.